UNITED STATES DISTRICT COURT         FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

THE NEW PHONE COMPANY, INC.,

                Plaintiff,

      -against-

CITY OF NEW YORK, *et al.,*

                Defendants.

----------------------------------------------------------------------- x

THE NEW PHONE COMPANY, INC.,

                Plaintiff,

      -against-

CITY OF NEW YORK, *et al.,*

                Defendants.

----------------------------------------------------------------------- x

BEST PAYPHONES, INC.,

                Plaintiff,

      -against-

CITY OF NEW YORK, *et al.,*

                Defendants.

----------------------------------------------------------------------- x

<u>MEMORANDUM & ORDER</u>
00 CV 2007 (JG)

<u>MEMORANDUM & ORDER</u>
03 CV 3978 (JG)

<u>MEMORANDUM & ORDER</u>
01 CV 3934 (JG)

```
----------------------------------------------------------------------- x
BEST PAYPHONES, INC.,

                              Plaintiff,
                                                        MEMORANDUM & ORDER
        -against-                                       01 CV 8506 (JG)

CITY OF NEW YORK, et al.,

                              Defendants.
----------------------------------------------------------------------- x
BEST PAYPHONES, INC.,

                              Plaintiff,
                                                        MEMORANDUM & ORDER
        -against-                                       03 CV 192 (JG)

CITY OF NEW YORK, et al.,

                              Defendants.
----------------------------------------------------------------------- x
BEST PAYPHONES, INC.,

                              Plaintiff,
                                                        MEMORANDUM & ORDER
        -against-                                       04 CV 3541(JG)

CITY OF NEW YORK, et al.,

                              Defendants.
----------------------------------------------------------------------- x
  THE NEW PHONE COMPANY, INC. and
  BEST PAYPHONES, INC.,

                              Plaintiffs,
                                                        MEMORANDUM & ORDER
        -against-                                       05 CV 1702 (JG)

  CITY OF NEW YORK, et al.,

                              Defendants
-----------------------------------------------------------------------x
```

JOHN GLEESON, United States District Judge:

By letters dated April 4, 2005, plaintiffs New Phone Company ("New Phone") and Best Payphones, Inc. ("Best Payphone") requested a pre-motion conference seeking leave to amend complaints in six actions pursuant to Rule 15 of the Federal Rules of Civil Procedure.[1] These actions are all grounded in the same subject matter, an assertion that the City's regulatory scheme concerning public pay telephones discriminates against New Phone and Best Payphone in favor of Verizon New York, Inc. ("Verizon"). On the same day that plaintiff[2] requested the pre-motion conference, it filed a new complaint grounded in the same events as the earlier actions.[3]

In a Report and Recommendation dated May 3, 2005 (the "R&R"), Magistrate Judge Matsumoto recommended that (1) the requests for leave to amend the complaints be denied; and (2) plaintiff be precluded from instituting, without leave of court, any new action arising from or related to the enactment and enforcement of the City's regulatory system with

---

[1]     The six complaints were filed under Docket Numbers 00 cv 2007 and 03 cv 3978 (the New Phone cases); and 01 cv 3934, 01 cv 8506, 03 cv 0192, and 04 cv 3451 (the Best Payphone cases).

[2]     New Phone and Best Payphone are owned by the same person, Michael Chaite, who is the president and sole operating officer of both companies. *See* Chaite Decl. in Support of Motion to Consolidate and Amend, dated January 18, 2005 (03 cv 0192); Chaite Suppl. Decl. in Opposition to Motion to Dismiss, dated May 2, 2005 (00 cv 2007). New Phone and Best Payphone have acted in concert in filing letters on April 4, 2005 seeking leave to amend their complaints, and they jointly filed a new complaint on that same day. For ease of discussion, I refer to New Phone and Best Payphone collectively as plaintiff. I do so only for the purpose stated (and not, for example, as a comment on the validity of defendants' assertion that New Phone and Best Payphone are in privity for the purposes of collateral estoppel).

[3]     The complaint, filed on April 4, 2005, names both New Phone and Best Payphone as plaintiffs. It bears Docket Number 05 cv 1702.

respect to public pay telephones and the alleged conspiracy among various defendants to discriminate against plaintiff and other public pay telephone providers. Plaintiff has objected to Judge Matsumoto's Report and Recommendation, and the municipal defendants (the City of New York and the Department of Information Technology and Telecommunications ("DoITT")) have responded to those objections. Pursuant to Rule 72(b), I have conducted a de novo review of the R&R. With one exception, I adopt it in its entirety. The exception is as follows: Judge Matsumoto stated that the complaint filed on April 4, 2005 provided further support for denying the requests for leave to amend. I find that the requests for leave to amend are properly denied whether the new complaint was filed or not. Further, because the new complaint is largely duplicative of earlier complaints and acts to circumvent the Court's denial of the requests for leave to amend, it is hereby dismissed.

Familiarity with the R&R, which is appended to this order, is assumed.

## BACKGROUND

Over the past five years, plaintiff has filed multiple lawsuits with overlapping claims and a shifting roster of defendants, including the City of New York, the DoITT, Verizon, and various individuals, including individual lawyers who have been involved in litigating plaintiff's claims on behalf of the DoITT. The actions are all grounded in the same subject matter – an assertion that the City has discriminated against New Phone and Best Payphone in its regulation of public pay telephones, and has unlawfully favored Verizon. In addition to the seven complaints currently pending in the Eastern District of New York,[4] related proceedings have been

---

[4] An eighth complaint was filed on July 22, 2003. *See New Phone Co., Inc. v. City of New York*, 03 cv 3555 (JG). By letter dated April 8, 2005, plaintiff's counsel notified Judge Matsumoto that the case was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1).

filed in New York State courts, in the United States Bankruptcy Court, and in the Southern District of New York.

By letters dated April 4, 2005, plaintiff requested a pre-motion conference seeking leave to amend its complaints. Specifically, plaintiff sought to add two DoITT regulations that became effective on December 4, 2004: (1) increasing the fee for applications for permits to install public pay telephones; and (2) barring future advertising on pay telephones in Community Boards 1-8 in Manhattan. Plaintiff also sought to add several factual assertions to its New Phone complaints, including that (a) Verizon is investing $20 million to install new enclosures for its public pay telephones; (b) Verizon does not follow the City's regulatory scheme relating to the permitting of public pay telephones; and (c) DoITT started accepting and processing applications on a first-come, first-serve basis for new public pay telephone installations from "a select group of [New Phone's] non-Verizon competitors, one month before it was noticed that the rule regarding applications for new permits came into effect." *See* Letters from Charles H. Ryans to Magistrate Judge Matsumoto dated April 4, 2005.

DISCUSSION

A. <u>Leave to Amend</u>

While leave to amend should be "freely given," a court may deny such leave where the moving party acts in bad faith or where allowing the amendment will unduly prejudice the nonmoving party. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

For the reasons set forth in the R&R, plaintiff's delay in seeking amendment prejudices defendants. Plaintiff's justification for filing its letters on April 4, 2005 – as a pre-emptive measure, anticipating that the City will assert that challenges to the December 4, 2004

-4-

regulations are subject to a four-month statute of limitations – does not account for its failure to seek to amend prior to April 4, 2005. Given the procedural posture of the various cases, the delay in seeking amendment prejudices the defendants. In the New Phone cases, motions to dismiss were fully briefed by March 18, 2005, and oral argument was scheduled for (and heard on) April 11, 2005. In the Best Payphone cases, the parties agreed at a hearing on October 14, 2004 that Best Payphone would file a motion to amend and consolidate those actions. That motion was filed on January 18, 2005.

Plaintiff has not stated precisely when it learned of the events it seeks to add to the complaint, but it knew of the new regulations at least by the time they were adopted in October, 2004. *See* Letter from Charles H. Ryans to Judge Matsumoto dated October 13, 2004 ("On October 5, 2005, DoITT released a notice of adoption of amended rules relating to, among other things, the placement of advertising.")[5] In addition, at least one of the "new" facts plaintiff seeks to include in its complaint was known to plaintiff as early as October 23, 2002. *See* April 4, 2005 letter from Charles H. Ryans to Judge Matsumoto concerning the New Phone cases.

Plaintiff's assertion that its intention in writing the pre-motion letters "was only to preclude any future statute-of-limitations argument" grounded in the four-month limitations period set forth in New York C.P.L.R. § 217 does not account for delaying the request until after the New Phone motions to dismiss were fully briefed. Nor does it explain why plaintiff did not include the new regulations in its motion to amend and consolidate the Best Payphone cases. An express purpose of that motion was to allow Best Payphone to set forth new claims and relate

---

[5]     Both regulations at issue were adopted by the City on October 5, 2004. *See* Letter from Richard H. Dolan to Magistrate Judge Matsumoto dated April 6, 2005, citing historical notes following 67 RCNY §§ 6-06(c) and 6-32.

material events that had happened since it last filed a complaint, and to give both sides the opportunity to argue why those claims should or should not be considered by the Court. *See* transcript of the October 14, 2004 hearing before Judge Matsumoto at 34, 38.

Plaintiff asserts that it will lose its "day in court" if leave to amend is not granted. Denial of leave to amend, however, does not inevitably preclude subsequent litigation of valid claims arising after a complaint is filed. *See Curtis v. Citibank*, *N.A.*, 226 F.3d 133, 139 (2000) (citing *Flaherty v. Lang*, 199 F. 3d 607, 613 (2d Cir. 1999)). Once the pending motions are decided, plaintiff will be in a position to determine whether, consistent with Rule 11, its new assertions support a valid claim. (Both the City and Verizon argue that the proposed amendments are futile. *See* Letter from Richard H. Dolan to Judge Matsumoto dated April 6, 2005; Letter from Michael S. Adler to Judge Matsumoto dated April 18, 2005.) At that time, plaintiff may seek leave of the court to file a new complaint. If viable claims based on the new regulations are met with a statute of limitations defense, the Court will take into account the fact that by letters dated April 4, 2005, plaintiff sought to include those regulations in its pending actions. It is premature, however, to make such a determination here. Indeed, plaintiff argues that the four-month limitation period is not applicable to its claims because it is attacking the City's entire regulatory scheme. *See* Objection to R&R at 7.

B.    The April 4, 2005 Complaint

On April 4, 2005, the same day that plaintiff filed its letters seeking leave to amend, it filed a new complaint. This new complaint, brought on behalf of both New Phone and Best Payphone, incorporates the two recent DoITT regulations and additional factual allegations

that are the subject of the request for leave to amend. Other than these additions, the complaint appears to be largely duplicative of earlier complaints.[6]

Judge Matsumoto found that this new complaint provided further justification for denying the requests for leave to amend. I respectfully disagree. Denial of leave to amend is proper because of undue delay and the attendant prejudice, regardless of whether the new assertions were repeated in yet another complaint. Further, dismissal of the new complaint is proper because it appears to be largely duplicative of earlier complaints and because it acts to circumvent the Court's denial of leave to amend.

"It is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Curtis v. DiMaio*, 46 F. Supp. 2d 206 (E.D.N.Y. 1999) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). A court may dismiss duplicative actions. *Curtis v. Citibank*, 226 F.3d at 138. The rule against duplicative legislation, which is related to the doctrine of claim preclusion or *res judicata*, fosters judicial economy and "protects parties from the vexation of concurrent litigation over the same subject matter.") *Id.* (internal quotation omitted). A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* Even where the complaints are not wholly duplicative, a successive complaint may not be filed

---

[6]     Plaintiff asserts that the new complaint contains "significant substantive material not included in the former complaints," Objection to R&R at 6, and the City asserts that the complaint includes new legal theories. City's Mem. in Opposition to Rule 72 Objections at 5-6. I have not conducted an exhaustive comparison of the seven complaints. Much of the new complaint, however, appears to be identical to the amended complaint filed on April 23, 2001 under Docket Number 00 cv 2007.

-7-

"for the purpose of circumventing the rules pertaining to the amendment of complaints."

*DiMaio*, 46 F. Supp. 2d at 216 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)).

Here, the April 4, 2005 complaint appears to be largely duplicative of earlier complaints, and acts to circumvent the Court's denial of the requests for leave to amend. Such circumvention is improper, and warrants dismissal. To the extent plaintiff is asserting new events or claims in the April 4, 2005 complaint, dismissal is also warranted. See *Curtis*, 226 F.3d at 139 ("Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions."). As discussed above, once the pending motions are decided, plaintiff may seek leave from the court to file a new complaint based on events that occurred after the filing of the earlier complaints (to the extent such a complaint meets the requirements of Federal Rule of Civil Procedure 11). *See id.*

C.     Enjoining Subsequent Complaints

Plaintiff has filed eight overlapping complaints on the same subject matter, unnecessarily burdening this Court's ability to manage its docket and to adjudicate the asserted claims. For the reasons set forth in the R&R, plaintiff is hereby enjoined from filing, without leave of court, any new action arising from or related to the enactment and enforcement of the City's regulatory system with respect to public pay telephones in New York City and defendants' alleged conspiracy to discriminate against plaintiff and other public pay telephone providers.

CONCLUSION

For the reasons set forth above, plaintiff's application for leave to amend the

complaints in 00 cv 2007, 03 cv 3978, 01 cv 3934, 01 cv 8506, 03 cv 192, and 04 cv 3541 is

denied, and the complaint in 05 cv 1702 is dismissed.

So Ordered.


John Gleeson
United States Magistrate Judge

Dated: August 5, 2005
Brooklyn, New York

----------------------------------------------------------------------------------------------------

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
THE NEW PHONE COMPANY, INC.,

                               Plaintiff,

        -against-

CITY OF NEW YORK, *et al.,*

                               Defendants.

<u>REPORT AND</u>
<u>RECOMMENDATION</u>

00 CV 2007 (JG) (KAM)

------------------------------------------------------------------------ x

THE NEW PHONE COMPANY, INC.,

                               Plaintiff,

        -against-

CITY OF NEW YORK, *et al.,*

                               Defendants.

<u>REPORT AND</u>
<u>RECOMMENDATION</u>

03 CV 3978 (JG) (KAM)

------------------------------------------------------------------------ x

BEST PAYPHONES, INC.,

                               Plaintiff,

        -against-

CITY OF NEW YORK, *et al.,*

                               Defendants.

<u>REPORT AND</u>
<u>RECOMMENDATION</u>

01 CV 3934 (JG) (KAM)

------------------------------------------------------------------------ x

```
----------------------------------------------------------------------  x
BEST PAYPHONES, INC.,

                              Plaintiff,
                                                      REPORT AND
        -against-                                     RECOMMENDATION

CITY OF NEW YORK, et al.,                             01 CV 8506 (JG) (KAM)

                              Defendants.

----------------------------------------------------------------------  x
BEST PAYPHONES, INC.,

                              Plaintiff,
                                                      REPORT AND
        -against-                                     RECOMMENDATION

CITY OF NEW YORK, et al.,                             03 CV 192 (JG) (KAM)

                              Defendants.

----------------------------------------------------------------------  x
BEST PAYPHONES, INC.,

                              Plaintiff,
                                                      REPORT AND
        -against-                                     RECOMMENDATION

CITY OF NEW YORK, et al.,                             04 CV 3541 (JG) (KAM)

                              Defendants.

----------------------------------------------------------------------  x
```

MATSUMOTO, United States Magistrate Judge:

By letter dated April 4, 2005, plaintiff The New Phone Company ("New Phone")

requested a pre-motion conference before the undersigned to make a Fed. R. Civ. P. 15 motion to

amend and supplement the first amended complaints for 00-cv-2007 (JG) and 03-cv-3978 (JG)

(collectively "New Phone cases").  By letter dated April 4, 2005, plaintiff Best Payphones, Inc.

("Best Payphones") similarly requested a pre-motion conference before the undersigned to make a Fed. R. Civ. P. 15 motion to amend and supplement the complaints in 01-cv-3934 (JG), 01-cv-8506 (JG), 03-cv-192 (JG), and 04-cv-3541 (JG) (collectively "<u>Best Payphones</u> cases"). Defendants City of New York ("City") and Verizon oppose plaintiff's pre-motion conference request in 03-cv-3978. The City similarly opposes plaintiff's pre-motion conference request for the <u>Best Payphones</u> cases.

       With respect to the <u>New Phone</u> cases, plaintiff New Phone's April 4, 2005 pre-motion conference letter seeks leave to add to the first amended complaints "recent" rule changes made by the New York City Department of Information Technology and Telecommunications ("DoITT") and related facts that were allegedly revealed subsequent to amending the 00-cv-2007 complaint and filing the 03-cv-3978 complaint, namely: (1) that DoITT raised the fee to apply for a permit to install a public pay telephone from $59 to $395 while defendant Verizon was exempt from paying any fee; (2) that DoITT imposed a rule change in advertising that barred future advertising in Community Boards 1-8 in Manhattan and unfairly benefitted Verizon; (3) that Verizon is investing $20 million to install new enclosures for its public pay telephones, a fact that "significantly bolsters New's claim that there was and is an agreement between Verizon and the [City of New York]; and (4) that DoITT started accepting and processing applications on a first-come, first-serve basis for new public pay telephone installations from "a select group of New's non-Verizon competitors, one month before it was noticed that the rule regarding applications for new permits came into effect." <u>See</u> Letter from Charles Ryans to Magistrate Judge Matsumoto re: 00-cv-2007, 03-cv-3978, dated Apr. 4, 2005, at 1-2.

With respect to the Best Payphones cases, plaintiff Best Payphones' pre-motion conference letter similarly seeks leave to add to the four complaints allegations (1) and (2) above. See Letter from Charles Ryans to Magistrate Judge Matsumoto re. 01-cv-3934, 01-cv-8506, 03-cv-192, 04-cv-3541, dated Apr. 4, 2005, at 1-2.

As a general rule, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has instructed as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182 (1962). Motions to amend can be denied where the timing of the motion reflects the movant's "dilatory motive, bad faith, and undue delay in attempting to correct the deficiencies in the complaint." Autoinfo, Inc. v. Hollander, Inc., No. 90 Civ. 6994, 1991 WL 275650, at *2 (S.D.N.Y. Dec. 18, 1991). In the Second Circuit, the rule has been to "allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (citing State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). In determining what constitutes "prejudice," courts must consider whether asserting the new claim would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from

bringing a timely action in another jurisdiction." Id. (citations omitted). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id. (quoting Fluor, 654 F.2d at 856)). For the following reasons, the Court respectfully recommends that Best Payphones' and New Phone's requests for leave to file a Rule 15 motion be denied.

First, pending before the Court in the two New Phone cases are defendants City of New York's and Verizon's fully-briefed motions to dismiss the amended complaints pursuant to Fed. R. Civ. P. 12(b)(6). The Court reserved decision on the motions following oral argument on April 11, 2005, and granted plaintiff leave to submit additional documents referred to in the amended complaints on or before May 2, 2005. See Minute Entry for Motion Hearing in 00-cv-2007, dated Apr. 11, 2005; Minute Entry for Motion Hearing in 03-cv-3978, dated Apr. 11, 2005. While "[o]pportunity should be given to a plaintiff to present his alleged grievance . . . equal attention should be given to the proposition that there must be an end finally to a particular litigation." Friedman v. Transamerica Corp., 5 F.R.D. 115, 115 (D. Del. 1946). Considering the time and expense already invested by the parties in preparing and exchanging, and the Court in considering these motions to dismiss, granting plaintiff New Phone leave to file a Rule 15 motion at this stage will only create significant delays and substantially prejudice the defendants, for the filing of any second amended complaints will moot defendants' pending motions to dismiss the first amended complaints. See Taylor v. Abate, No. 94 CV 0437, 1995 WL 362488 (E.D.N.Y. Jun. 8, 1995) (citations omitted). Accordingly, it is respectfully recommended that plaintiff be denied leave to amend 00-cv-2007 and 03-cv-3978.

Turning to plaintiff Best Payphones' request to amend its complaints in the four Best Payphones cases, the Court notes that plaintiff has already served a pending motion to amend and consolidate 01-cv-3934, 01-cv-8506, 03-cv-192, and 04-cv-3541.  Although the motion was originally scheduled to be fully briefed by March 15, 2005, see Minute Entry for Status Conference dated Oct. 14, 2004, the Court granted numerous applications from both sides to extend the briefing schedule, and by order dated April 13, 2005, the Court granted plaintiff a final extension to submit its reply brief on May 9, 2005.  While plaintiff's pre-motion conference letter does not indicate when plaintiff became aware of the various rule changes which it wishes to address in any second amended complaints, defendant City of New York's opposition letter suggests that plaintiff was aware of these changes as of October 14, 2004.  See Letter from Michael Adler to Magistrate Judge Kiyo Matsumoto, dated Apr. 18, 2005 (citing Transcript of Order to Show Cause on Oct. 14, 2004, annexed as Ex. A, at 34-35, 38, 40).

The Court granted plaintiff leave to file a motion to amend and consolidate its complaints so that plaintiff could "incorporate . . . other things that have happened since [03-cv-192 was amended]."  See Transcript of Order to Show Cause on Oct. 14, 2004, at 38.  If plaintiff did not take advantage of the opportunity to address the regulatory changes and other factual assertions in its motion to amend and consolidate the four Best Payphones complaints on January 17, 2005, when its moving papers were due, the Court, in the interest of avoiding further significant delays and undue prejudice to defendants, finds no reason to grant plaintiff's untimely request to file four new amended complaints at this juncture.

More importantly, on April 4, 2005, the same day in which plaintiffs Best Payphones and New Phone submitted their pre-motion conference requests, both plaintiffs filed

yet another complaint which presents, in sum and substance, allegations and claims arising out of the same chain of events already set forth in the six Best Payphones and New Phone cases, and incorporates three out of the four additional factual allegations which form the bases of plaintiffs' anticipated motions to amend the six related complaints.[7]  See generally, The New Phone Company, Inc. v. City of New York, 05-cv-1702 (JG)(KAM).  Thus, plaintiffs will incur no prejudice in being denied leave to file amended complaints in the remaining actions, for the new lawsuit already sets forth the additional factual allegations raised in plaintiffs' pre-motion conference letters to the Court.  It should be noted that, following substantial time and expense expended in targeted discovery supervised by Magistrate Judge Robert Levy, defendants have proffered evidence which they claim establishes that plaintiffs New Phone and Best Payphones act as one entity, are owned and controlled by a sole shareholder, Michael Chaite, use the same offices, and are therefore in privity.  See Declaration of Jerald Horowitz in Support of Defendant's Motion to Dismiss the Complaint, 00-CV-2007, ¶¶ 9-19.

---

[7] See 05-cv-1702 Compl. ¶ 25c ("Section 6-06(c), which was recently added to section 6-06, states '[T]he display of advertising on any enclosure installed pursuant to a notice to proceed issued after the effective date of this rule shall be prohibited in the following Community Districts of Manhattan: 1,2,3,4,5,6,7, and 8.'  This addition to the rules magnifies the grossly disproportionate effect that the grand-fathering of Verizon has had (and will have) on competition."); ¶ 25i ("Another recent change in this rule, that significantly contributes to the City's and DoITT's overall scheme to shackle Verizon's competitors is an increase in the level of the application fee from $59 to $395 still with no time limit to process the application."); Id. ("When changing this requirement, DoITT did NOT publicly disclose this fact to all competitors, but gave exclusive notice of this to a small group of competitors that comprised a 'consultative group' . . . . Since DoITT allowed applications for available PPT locations to be accepted on a 'first-come, first-served' basis, and there was no limit to the number of applications that a competitor could submit, members of this 'consultative group' were able to capture virtually all of the available locations in the most lucrative submarket...."); see also ¶¶ 25k, 25p, 25q.

-6-

Finally, until April 8, 2005, the Court's docket contained <u>eight</u> lawsuits essentially repeating the same factual assertions and legal claims by the same parties against most of the same defendants in slightly altered variations.[8]  At least four of the complaints are 33 to 61 pages long with 84 to 287 numbered paragraphs and numerous subparagraphs.  It has been difficult for the Court to identify the differences in allegations and claims made in each lawsuit, and even more difficult to obtain from plaintiffs' counsel an articulation of those differences to aid the Court in managing its docket.  The multiplicity of similar complaints and the sheer volume of paper submissions and motions generated by each lawsuit have created administrative burdens with respect to considering multiple applications for relief, entering court orders, and scheduling adjournments of numerous deadlines and conferences for one or more cases at a time.

In the interest of preserving judicial economy and ameliorating the burdens on the Court and the defendants, it is respectfully recommended that Judge Gleeson order that Best Payphones and New Phone be precluded from instituting, without leave of court, any new action arising from or related to the enactment and enforcement of defendants' regulatory systems with respect to public pay telephones in New York City, and defendants' alleged conspiracy to discriminate against other public pay telephone providers.

"A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." <u>Safir v. United States Lines Inc.</u>, 792 F.2d 19, 23 (2d Cir. 1986) (quoting <u>Abdullah v. Gatto</u>, 773

---

[8] In addition to the seven lawsuits referenced in this Report and Recommendation, there was an eighth related case on the Court's docket, <u>New Phone Co., Inc. v. City of New York</u>, 03-cv-3555 (JG)(KAM), that was filed on July 22, 2003.  By letter dated April 8, 2005, plaintiff's counsel notified the Court that the case was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1).

F.2d, 487, 488 (2d Cir. 1985)).  The Second Circuit has instructed district courts to consider the following factors when deciding whether to enjoin the filing of future lawsuits: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."  Id. at 24.

Under the circumstances, the Court respectfully recommends that all five factors have been satisfied.  With respect to the first factor, there were eight, now seven, lawsuits in this Court which reiterate most of the same factual assertions and legal claims by the same parties against the most of the same defendants.  Thus the duplication of lawsuits requirement is satisfied.

Facts regarding the second and third factors also militate in favor of protecting against multiplicitous litigation.  Plaintiffs' request to amend the six Best Payphones and New Phone complaints, after defendants filed their motions to dismiss the New Phone cases and after plaintiff Best Payphones filed its motion to amend and consolidate, and plaintiffs' filing of a duplicative complaint that incorporates the allegations which they seek to add in six related actions, militate against a finding that plaintiffs have an objective good faith expectation of prevailing.  Moreover, plaintiffs Best Payphones and New Phone are represented by counsel, Charles Ryans.  As articulated above, the fourth factor is satisfied because, since April 5, 2000, eight related lawsuits have been filed in this Court and the various motions arising from them

-8-

have imposed an unnecessary expense on the defendants and excessive burdens on the Court.[9]  In

light of plaintiffs' history and practice of requesting leave to amend existing complaints and

filing new ones, enjoining plaintiffs from filing further duplicative lawsuits without leave of

court appears to be an appropriate remedy which balances the Court's need to carry out its

functions against the plaintiffs' right to litigate their rights in this forum.

---

[9] In a September 2003 proceeding for a related case filed in the Southern District of
New York, District Judge Alvin Hellerstein also expressed concern regarding the multiplicity
of lawsuits: "In addition to this lawsuit, there are eight others pending in various state and
federal courts.  I have addressed these various other lawsuits with my colleagues in the Eastern
District of New York and with Chief Judge Philip Bernstein of the Bankruptcy Court of the
Southern District of New York, and I believe that steps are underway . . . to consolidate these
different proceedings, to the extent possible, so that it becomes more manageable.  The
profusion of lawsuits has created difficulties for the plaintiff, Best Payphones, in my opinion,
for the city and for the different judges that have had these cases before them."  Transcript of
Hearing on Sept. 24, 2003 before Hon. Alvin Hellerstein, Best Payphones, Inc. v. DoITT, 02
Civ. 3638 (AKH), at 18 (annexed as Exhibit S to Declaration of Debra Samuelson in Support
of Defendant's Motion to Dismiss the Complaint, No. 00 CV 2007 (JG)).

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiffs be denied leave to file a Fed. R. Civ. P. 15 motion to amend their complaints in 00-cv-2007, 03-cv-3978, 01-cv-3934, 01-cv-8506, 03-cv-192, and 04-cv-3541. It is also respectfully recommended that plaintiffs be enjoined from filing further duplicative actions without leave of Court. Any objections to this Report and Recommendation must be filed with District Judge John Gleeson within ten days of the date of entry of this Report and Recommendation. Failure to object within ten days of the date of entry will preclude appellate review by the District Court. Local Civil Rule 6.3; Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); see also Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."). Any requests for extensions of time to file objections should be made to Judge Gleeson.

SO ORDERED.

_____ /s/ _____
KIYO A. MATSUMOTO
United States Magistrate Judge

Dated: May 3, 2005
      Brooklyn, New York